UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JEFFREY RIOS, and others similarly-situated,

    Plaintiff,

vs.

M.I. COURIER SERVICES INC. A/K/A M.I. COURIER SERVICES INC. OF NEW YORK, and JULIUS C. GOTAY

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, JEFFREY RIOS, by and through his undersigned attorney, and hereby sues Defendants, M.I. COURIER SERVICES INC. a/k/a M.I. SERVICES INC. OF NEW YORK and JULIUS C. GOTAY, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK, is a Florida corporation which regularly conducted business in Miami-Dade, Broward, and West Palm Beach County, Florida by providing courier services within the Southern District of Florida.

6. M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK operated as an organization which handled goods and/or materials, such as pharmaceutical drugs, that originated outside the state of Florida, to customers in the State of Florida, and M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK was at all times material hereto in excess of $500,000.00 per annum. M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK had gross annual revenue in excess of $500,000, for the year of 2015. M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK had gross annual revenue in excess of $250,000, during the first six months of 2016. Upon information and belief, the gross annual revenue for M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK is expected to be in excess of $500,000.00 for the year of 2016.

8. By reason of the foregoing, M.I. COURIER SERVICES INC. a/k/a M.I. COURIER SERVICES INC. OF NEW YORK is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, JULIUS C. GOTAY, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant JULIUS C. GOTAY controlled the purse strings for the corporate Defendant. Defendant JULIUS C. GOTAY hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a non-exempt courier driver for Defendants. Plaintiff was employed from approximately March 7, 2016 through November 6, 2016. Plaintiff worked an approximate average of 65 hours per week with the exception of approximately 5 weeks when he worked an approximate average of 52 hours a week.

12. Plaintiff was paid the approximate rate of $17.25/hr. for the first 40 hours worked each week, with the exception of the 5 week period when he was only paid for 32 hours a week. Plaintiff was not paid any overtime wages when he worked in excess of 40 hours a week. Plaintiff therefore claims the time and one half rate for his overtime wages.

13. The similarly situated individuals are those individuals whom were employed by the Defendants as courier drivers and whom were not paid overtime wages, in whole or in part.

14. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

16. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

>Dated: November 9, 2016
>
>Law Office of Daniel T. Feld, P.A.
>*Co-Counsel for Plaintiff*
>2847 Hollywood Blvd.
>Hollywood, Florida 33020
>Tel: (305) 308-5619
>Email: DanielFeld.Esq@gmail.com
>
>*/s Daniel T. Feld*
>Daniel T. Feld, Esq.
>Florida Bar No. 37013
>
>
>The Law Office of Isaac Mamane, PA
>*Co-counsel for Plaintiff*
>1150 Kane Concourse, Fourth Floor
>Bay Harbor Islands, FL 33154
>Telephone (786) 704 - 8898
>E-mail: mamane@gmail.com
>*s/ Isaac Mamane*
>Isaac Mamane, Esq.
>Florida Bar No. 44561